<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **PAUL J. MATHIEU,**<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>**CITIBANK, N.A.,** *et al.*,<br><br>　　　　　　　Defendants. | **Civil Action No. 22-4871 (ES) (JSA)**<br><br><br><u>**REPORT AND RECOMMENDATION**</u> |

<u>**ALLEN, U.S.M.J.**</u>

　　　This matter comes before the Court upon the November 4, 2024 Order to Show Cause (the "Order to Show Cause") issued to *pro se* Plaintiff Paul Mathieu ("Plaintiff"). (ECF No. 116). The Order to Show Cause directed Plaintiff to show cause, no later than November 25, 2024, why his claims against Defendant Citibank, N.A. ("Citibank") should not be dismissed with prejudice for failure to prosecute and failure to comply with the Order entered March 14, 2023, labeled "Stipulation to Binding Arbitration and Stay of Proceedings." (ECF No. 68). To date, Plaintiff has failed to show cause as ordered. For the reasons set forth below, and for good cause shown, the Undersigned respectfully recommends that Plaintiff's claims against Citibank be dismissed, with prejudice, for failure to prosecute and comply with Court Orders, pursuant to Federal Rule of Civil Procedure 41(b).

**I.　　RELEVANT BACKGROUND**

　　　The Undersigned recites only the relevant facts and procedural history. On August 1, 2022, Plaintiff filed his Complaint against, *inter alia*, Citibank, alleging violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681, *et seq.* (ECF No. 1). The Complaint alleges that

Citibank "failed to report . . . accurate . . . payment amounts," which resulted in damage to Plaintiff's credit rating and reputation. (Compl., ¶ 18).

On November 11, 2022, Citibank filed a Motion to Compel Arbitration. (*See* ECF No. 47). On March 13, 2023, Plaintiff and Citibank submitted a stipulation, expressly agreeing that Plaintiff would submit his claims against Citibank to binding arbitration before the American Arbitration Association ("AAA") within "ninety (90) days after the entry of this stipulation by the Court." (ECF No. 67). On March 14, 2023, the Honorable Esther Salas, U.S.D.J. entered the parties' stipulation as an Order. (*See* ECF No. 68, the "March 14th Order").

On June 15, 2023, Plaintiff initiated arbitration against Citibank with Judicial Arbitration Mediation Solutions ("JAMS") contrary to March 14th Order, which required arbitration to proceed through AAA. (*See* ECF No. 105). As a result, JAMS closed the matter. (*Id.*) Thereafter, Plaintiff attempted to initiate AAA arbitration against Citibank, but the matter was closed by AAA because Plaintiff failed to submit sufficient information. (*See id.*)

On October 25, 2024, at the Court's request, Citibank submitted a status letter advising that Plaintiff had failed to re-institute AAA arbitration and that the matter had not progressed. (*See* ECF No. 115). As a result, on November 4, 2024, the Court issued the Order to Show Cause, directing Plaintiff to show cause in writing, on or before November 25, 2024, why his claims against Citibank should not be dismissed with prejudice for failure to prosecute and failure to comply with Court Orders. (*See* ECF No. 116). The Order to Show Cause specifically advised that Plaintiff's "[f]ailure to submit a written response" would result in the Undersigned issuing a recommendation of dismissal with prejudice. (*Id.* at 2).

2

To date, Plaintiff has failed to respond to the Order to Show Cause and has failed to comply with the March 14th Order. Accordingly, for the reasons set forth below, it is respectfully recommended that Plaintiff's claims against Citibank should be dismissed.

## II.    LEGAL STANDARD

Dismissal of an action or a claim may be appropriate for "fail[ure] to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). In determining whether to dismiss an action under Rule 41(b), a court "should consider six factors" enunciated in *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863 (3d Cir. 1984):

> (1) [T]he extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 132 (3d Cir. 2019) (quoting *Poulis*, 747 F.2d at 868). "[F]ail[ure] to properly consider and balance those factors" constitutes an abuse of discretion. *Id.* However, "[n]one of the *Poulis* factors is alone dispositive, and it is also true that not all of the factors need to be satisfied to justify dismissal of a complaint for lack of prosecution." *Id.* (citing *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008)). The Third Circuit has approved dismissal of a complaint for failure to prosecute when plaintiff fails to comply with an order directing a party to arbitrate a claim. *See R & C Oilfield Services LLC v. Am. Wind Transp. Grp. LLC*, 45 F.4th 655, 661 (3d Cir. 2022).

### III.   DISCUSSION

While the Undersigned recognizes the significance of dismissing Plaintiff's claims against Citibank with prejudice, such dismissal is warranted upon consideration and balancing of the *Poulis* factors.

#### A.   The Extent of Plaintiff's Personal Responsibility

In considering this first factor, courts "look to whether the party bears personal responsibility for the action or inaction which led to the dismissal." *Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 873 (3d Cir. 1994); *see also Vittas v. Brooks Bros. Inc.*, 2017 U.S. Dist. LEXIS 203123, at *5 (D.N.J. Dec. 11, 2017) ("The first *Poulis* factor . . . is a question of whether the party herself has caused a delay as opposed to whether counsel for the party is responsible.") (citations omitted). Here, Plaintiff, who is proceeding *pro se*, has failed to comply with the Order to Show Cause, which directed Plaintiff to show cause why his claims should not be dismissed under Rule 41 for failure to prosecute. (ECF No. 116). Likewise, Plaintiff entered a stipulation to arbitrate his claim against Citibank through AAA, and he has failed to initiate that arbitration without explanation. As a *pro se* litigant, Plaintiff bears sole responsibility for the effective prosecution of his complaint and his compliance with Court Orders. *See, e.g.*, *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002). The fact that Plaintiff, by his own inaction, has brought this action against Citibank to a virtual standstill suggests that Plaintiff does not intend to continue litigating his claims against Citibank, but instead has chosen to abandon them. Indeed, Plaintiff had stipulated to arbitrate his claims against Citibank rather than litigate them in this Court. Accordingly, the first *Poulis* factor weighs in favor of dismissal.

#### B.   Prejudice to Defendant

With respect to this second factor, the Undersigned finds that Plaintiff's failure to comply

with the Undersigned's Order to Show Cause and the March 14th Order has prejudiced Citibank by halting the progress of this action. Plaintiff commenced this action in 2022. Further, he was obligated to commence AAA arbitration against Citibank within ninety (90) days of the March 14th Order. Yet, Plaintiff has failed for more than two years to properly commence arbitration against Citibank. Because this delay has prevented this case from proceeding, Citibank has been prejudiced. The second *Poulis* factor, therefore, also weighs in favor of dismissal.

### C. History of Dilatoriness

"'[E]xtensive' delay can create a history of dilatoriness." *Hildebrand*, 923 F.3d at 135 (quoting *Adams*, 29 F.3d at 874). "[F]ailure to prosecute under . . . Rule 41(b) does not mean that the plaintiff must have taken any positive steps to delay the trial . . . . It is quite sufficient if [Plaintiff] does nothing . . . ." *Id.* (quoting *Adams*, 29 F.3d at 875 (internal quotation marks and citation omitted)). Here, Plaintiff stipulated to arbitrate his claims against Citibank in AAA in March 2023. (ECF No. 68). He has failed to do so. Moreover, since that time, Plaintiff has not communicated with the Court nor responded to the Order to Show Cause. Under the standard set forth in *Hildebrand* and *Poulis*, Plaintiff has demonstrated a history of dilatoriness by failing to act, which weighs in favor of dismissal.

### D. Willful or Bad Faith Conduct

Under this fourth factor, the Court "must consider whether [Plaintiffs'] conduct was 'the type of willful or contumacious behavior which [can be] characterized as flagrant bad faith.'" *Briscoe*, 538 F.3d at 262 (quoting *Adams*, 29 F.3d at 875). "'[W]here the record is unclear as to whether a party acted in bad faith, a consistent failure to obey orders of the court, at the very least, renders a party's actions willful . . . .'" *Yancey v. Wal-Mart Corp.*, 2022 U.S. Dist. LEXIS 67868, at *27 (D.N.J. Jan. 31, 2022) (citation omitted). Plaintiff has not complied with the March 14th

5

Order nor the Order to Show Cause, and was duly warned of the consequences. (ECF No. 116). The Undersigned finds Plaintiff's conduct amounts to willfulness. *See Yancey*, 2022 U.S. Dist. LEXIS 67868, at *27 (finding the plaintiff's failure to reasonably interact with the defendant and court was "willful delay"). Accordingly, the fourth *Poulis* factor weighs in favor of dismissal.

### E.   Effectiveness of Alternative Sanctions

While mindful that "'[d]ismissal must be a sanction of last, not first, resort,'" *Adams*, 29 F.3d at 878 (quoting *Poulis*, 747 F.2d at 869), Plaintiff's non-compliance with the March 14th Order and his non-responsiveness to the Order to Show Cause reflect that alternative sanctions would be ineffective and futile. *See Tyshon Bey, LLC v. Portfolio Recovery Assocs., LLC*, 2023 WL 7001588, at *3 (D.N.J. Aug. 28, 2023) ("[T]here is no plausible reason to believe that sanctions such as fines, costs, and attorneys' fees would spur Plaintiff to resume actively litigating this case."), *report and recommendation adopted*, 2023 WL 7000835 (D.N.J. Sept. 18, 2023)). As previously noted, Plaintiff has not complied with the March 14th Order or the Order to Show Cause. Plaintiff's non-compliance with these Orders firmly indicates that further sanctions would be ineffective. *See One Link Sol. v. Brown*, 2024 WL 844226, at *3 (D.N.J. Feb. 6, 2024), *report and recommendation adopted*, 2024 WL 838546 (D.N.J. Feb. 28, 2024) (citing *Porten v. Auto Zone*, 2011 WL 2038742, at *3 (D.N.J. May 24, 2011) (holding a non-compliant, non-communicative Plaintiff "would [not] comply with [ ] alternative sanctions [and] that such sanctions would [not] motivate her to finally prosecute her case")). The fifth *Poulis* factor, therefore, weighs in favor of dismissal.

### F.   Meritoriousness of Plaintiff's Claims

"'A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense.'" *Hildebrand*, 923 F.3d at 137 (quoting *Poulis*, 747 F.2d at 869–70). Here, the Court is not able to

6

determine the merit of Plaintiff's claims against Citibank, which are subject to binding arbitration. Thus, this sixth *Poulis* factor is inapplicable.

Since the Undersigned finds that the applicable *Poulis* factors weigh in favor of dismissal, the Undersigned is satisfied that dismissal of Plaintiff's claims against Citibank is the appropriate remedy.

## IV.    CONCLUSION

For the reasons stated above, the Undersigned respectfully recommends that the District Court dismiss Plaintiff's claims against Citibank only, for failure to prosecute pursuant to Rule 41(b). The parties are advised that, pursuant to 28 U.S.C. 636(b)(1), Fed. R. Civ. P. 72(b)(2), and L. Civ. R. 72.1(c)(2), they may file any objections to this Report and Recommendation within fourteen (14) days after service of a copy thereof. The Clerk of the Court is directed to serve a copy of this Report and Recommendation on Plaintiff.

s/Jessica S. Allen
**Hon. Jessica S. Allen**
**United States Magistrate Judge**

Dated: May 15, 2025

cc:    Hon. Esther Salas, U.S.D.J.